GILBERT v. FINCH et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

PREFERRED CALENDAR—NOTICE.

    Under Code Civ. Proc. § 793, providing that the party desiring a preference of a cause shall serve with his notice of trial a notice of application for leave to move the same as a preferred cause, the notice of preference may be served after the notice of trial, if within the time in which notice of trial can be given.

Appeal from trial term, New York county.

Action by William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company, against Edward L. Finch and others. From an order denying plaintiff's motion to place the case on the preferred calendar, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

R. B. Aldcroft, for appellant.

Raymond Reubenstein, for respondents.

McLAUGHLIN, J. On the 15th of September, 1899, the plaintiff served a notice of trial for the October term. He did not serve with the notice of trial a notice that the cause would be moved as a preferred one. On September 18, 1899, he served a notice withdrawing the notice of trial; and on the same day, and more than 14 days before the commencement of the term, he served another

notice of trial for the October term, and with this he served a notice of claim for a preference, under subdivision 5 of section 791 of the Code of Civil Procedure. The latter notices were returned by the various defendants. Upon the first day of the October term, the plaintiff moved, upon the foregoing facts, to place the cause upon the preferred calendar. The motion was denied, and plaintiff appeals. We think the motion should have been granted. The provision of section 793 of the Code of Civil Procedure, so far as the same is applicable to the question presented, is that:

"The party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, or to such justice, or other term of court, or at such time as shall be prescribed by the general rules of practice, for leave to move the same as a preferred cause."

This provision was, to all intents and purposes, complied with. The cause had been noticed for the October term, but the plaintiff had neglected to include the notice which entitled him to a preference. Within the time, however, in which he had a legal right to notice the cause and serve such notice for said term, he in fact did comply with the terms of the statute; and for this purpose he could withdraw the former notice of trial, or serve the notice which would entitle him to a preference. No one had been or could be injured by such practice. Where a party has, through inadvertence, neglected to serve with his notice of trial a notice entitling him to a preference, we think it must be held that he can serve such notice at any time within which the cause could be noticed for trial for said term. What possible objection can there be to such practice? The statute gives to one coming within its provisions and complying with its terms the legal right to a preference, and we think it must be held, upon the facts here stated, that the terms of the statute were fully complied with.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.